```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No. 8:20-cr-70-VMC-AEP

JOHNNY ORDAZ

_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Anthony E. Porcelli's Report and Recommendation (Doc. # 79), filed on February 18, 2021, recommending that Defendant Johnny Ordaz's Motion to Suppress (Doc. # 27) be denied. Ordaz filed an objection (Doc. # 85) on March 22, 2021. The United States did not file a response, and the time to do so has lapsed.

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the objection, and denies Ordaz's Motion.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and

1

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C).

However, if a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

When considering a report and recommendation, a district judge may "hear additional testimony or the same testimony all over again if [she] decide[s] that would be beneficial in determining the motion." United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980). But a district judge "is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." United States v.

Cofield, 272 F.3d 1303, 1305 (11th Cir. 2001). Generally, however, a district judge "must rehear the disputed testimony before rejecting a magistrate judge's credibility determinations." Id. at 1306.

In his objection, Ordaz challenges Judge Porcelli's credibility determination for the police officers who testified at the evidentiary hearing on the Motion to Suppress. Specifically, Ordaz argues that Judge Porcelli "did not adequately take into consideration the biases and motives of the police officers," but instead "improperly and unconstitutionally credited the officers' testimony over Mr. Ordaz." (Doc. # 85 at 6, 8).

At the hearing, Detective Joseph Petta testified that he observed Ordaz's gray Infiniti fail to make a complete stop at a stop sign on the corner of 19th Street Court East and 18th Street East. (Doc. # 64 at 17:6-10, 18:6-21). According to Petta, the Infiniti rolled through the intersection and continued north towards 13th Ave East. (Id.). Detectives John Patrick Thames and Eric Davis — who were together in a different patrol vehicle — subsequently testified that they witnessed the Infiniti roll through a second stop sign at the intersection of 19th Street Court East and 13th Avenue East. (Id. at 49:4-10, 50:7-11, 80:9-81:3).

All three detectives also testified that the Infiniti's window tinting was too dark to make out the occupants of the vehicle. (Id. at 14:21-15:12, 47:8-17, 83:8-14). This testimony was corroborated at the evidentiary hearing by photographs of the Infiniti. (Doc. ## 61-5, 61-6, 61-17).

From this evidence, Judge Porcelli concluded that the detectives had probable cause to conduct a traffic stop based on (1) the Infiniti's failure to stop at two stop signs and (2) the potentially unlawful window tint. (Doc. # 79 at 11-12).

Ordaz asserts that Judge Porcelli erred in coming to this conclusion because it directly conflicts with his own testimony that "he is very familiar with this stop sign/intersection in that there are a lot of accidents; that he is very careful; and that he did indeed stop at that intersection." (Doc. # 85 at 4) (internal citations and quotation marks omitted). According to Ordaz, Judge Porcelli should have credited his testimony over the officers, which would have led to the conclusion that there was no probable cause to stop the Infiniti. (Id. at 7-8).

In making his credibility determination, Judge Porcelli noted:

> Unquestionably, MCSO detectives suspected Defendant for being involved in fentanyl distribution and being involved in a homicide. It logically follows then that the MCSO detectives were motivated to pursue Defendant for those purposes.

(Doc. # 79 at 10) (internal citation omitted).

Contrary to Ordaz's contention, Judge Porcelli demonstrated a full awareness of the potential for ulterior motives, but nonetheless found the officers' testimony to be consistent and "entirely credible." (Id.). A review of the record reveals no basis to overturn this determination. See United States v. Ramirez-Chilel, 289 F.3d 744, 750 (11th Cir. 2002) (deferring to the magistrate judge's credibility determination where the magistrate took "into account the interests of the witnesses, the consistencies or inconsistencies in their testimonies, and their demeanor on the stand").

Quite the opposite, the Court agrees with Judge Porcelli that the testimony of all three officers is consistent and offers "substantially similar accounts about their observations" of the Infiniti. (Doc. # 79 at 10). Furthermore, the photographs of the Infiniti confirm that the officers' suspicion of the window tint was reasonable. (Doc. ## 61-5, 61-6, 61-17).

5

For these reasons, the Court defers to Judge Porcelli's credibility determination. And, crediting the officers' testimony that they (1) witnessed Ordaz run two stop signs, and (2) could not see into the car due to the windows' dark tint, the Court agrees with Judge Porcelli that the officers had probable cause to perform the traffic stop of Ordaz's vehicle.

Thus, upon due consideration of the record, including Judge Porcelli's Report and Recommendation as well as Ordaz's objection thereto, the Court overrules the objection, adopts the Report and Recommendation, and denies the Motion to Suppress. The Court agrees with Judge Porcelli's detailed and well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 79) is **ACCEPTED** and **ADOPTED.**

(2) Defendant Johnny Ordaz's Motion to Suppress (Doc. # 27) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 14th day of April, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE