UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:20-cr-70-VMC-AEP

JOHNNY ORDAZ,
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Johnny Ordaz's Motion to Dismiss Count III of the Indictment (Doc. # 93), filed on May 14, 2021. The government responded in opposition on May 28, 2021. (Doc. # 95). For the reasons that follow, the Motion is denied.

I. **Background**

In 2020, a federal grand jury indicted Ordaz for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), among other charges. (Doc. # 1). Regarding the felon-in-possession charge (Count III), the indictment states that Ordaz, "knowing that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, . . . did knowingly possess, in and affecting interstate and foreign commerce, a firearm." (Id. at 2-3).

Ordaz now seeks to dismiss Count III of the indictment on the grounds that "18 U.S.C. § 922(g) is unconstitutional, facially and as applied, because the statute exceeds Congress's authority under the Commerce Clause." (Doc. # 93 at 1). The government has responded (Doc. # 95) and the Motion is ripe for review.

## II. Discussion

Section 922(g) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). To establish that a defendant is guilty of violating this statute, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019).

Ordaz contends that Count III should be dismissed because Section 922(g) merely "prohibits possession — a non-economic activity — and does not ensure that this activity

'substantially affects' interstate commerce," therefore the section's jurisdictional hook is deficient and the statute is facially unconstitutional. (Doc. # 93 at 3).

Furthermore, Ordaz argues that Section 922(g) is unconstitutional as applied to his "purely intrastate possession of a firearm and ammunition." (Id. at 4). According to Ordaz, to "obtain a conviction, the government must necessarily rely upon the firearm's manufacture outside of Florida, which occurred before [his] purely intrastate possession. The government cannot supply any facts, nor did [Ordaz] admit to any facts, that can establish a substantial connection between the proscribed activity (the possession) and interstate or foreign commerce." (Id.) (internal citation omitted). "Ordaz recognizes that his arguments are currently foreclosed," but nonetheless "respectfully maintains this issue for purposes of further review." (Id. at 1, 4).

The Court agrees that both arguments are foreclosed, therefore the Motion must be denied. As noted by Ordaz, the Eleventh Circuit has repeatedly found Section 922(g) to be facially constitutional under Congress's Commerce Clause power. See United States v. Bonet, 737 F. App'x 988 (11th Cir. 2018) ("We have repeatedly upheld [Section] 922(g)(1) as a facially constitutional exercise of Congress's power under

3

the Commerce Clause because 'it contains an express jurisdictional requirement.'"). Therefore, Ordaz's facial challenge is squarely foreclosed by binding precedent.

The as-applied challenge is similarly foreclosed. Ordaz maintains that Section 922(g) is unconstitutional as applied because his possession of a firearm was a purely intrastate act. But the Eleventh Circuit summarized the law in this area and rejected that argument in Bonet. 737 F. App'x 988. In that case, the Eleventh Circuit held that "[u]nder binding circuit precedent," Section 922(g) "only requires that the government prove some 'minimal nexus' to interstate commerce, which it may accomplish by 'demonstrat[ing] that the firearm possessed traveled in interstate commerce.'" Id. at 988-89 (citing United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010)). "Proof that the firearm or ammunition was manufactured outside of the state where the offense took place satisfies this burden." Id.

The Eleventh Circuit's analysis in Bonet applies with equal force to Ordaz's challenge. Indeed, Ordaz's "arguments are not new or novel, and this Court is bound to apply the law as developed by the Eleventh Circuit." United States v. Morelock, No. 1:19-CR-211-AT-CMS, 2019 WL 7841853, at *2 (N.D. Ga. Dec. 9, 2019) (citing Bonet to reject a comparable

argument that Section 922(g) was unconstitutional as applied), report and recommendation adopted, No. CV 1:19-CR-0211-AT-1, 2020 WL 416225 (N.D. Ga. Jan. 27, 2020). Accordingly, the Court finds Ordaz's as-applied challenge foreclosed by binding precedent.

To the extent Ordaz's Motion makes arguments about what the government can prove at trial (Doc. # 93 at 4), such arguments are not suited for a pre-trial motion to dismiss. The Court is not permitted to review the sufficiency of the evidence that will be offered in support of an indictment's allegations, for "[t]here is no summary judgment procedure in criminal cases." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Instead, "[t]he sufficiency of a criminal indictment is determined from its face." Id.

"For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (citations omitted). An indictment is sufficient "if it charges in the language of the statute" and apprises the defendant with reasonable certainty of the charged offense. Id. Count III of the indictment does just that, therefore dismissal is unwarranted.

5

To the extent Defendant wishes to preserve the issue for appeal, he has done so. However, at this time, binding circuit precedent requires the Court to deny Ordaz's Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Johnny Ordaz's Motion to Dismiss Count III of the Indictment (Doc. # 93) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of June, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE